## WHITE v. DENNIS et ux. (No. 9640.)

(Court of Civil Appeals of Texas. Fort Worth. May 7, 1921. Rehearing Denied July 2, 1921.)

**Mines and minerals** ⬅⬎79(3)—**Annual rental under lease held payable in advance.**

An oil lease *held* to require payment in advance of the annual rental, with ten days of grace additional in which to make payment; this having been the construction placed on it by the parties.

Appeal from District Court, Young County; W. F. Weldon, Judge.

Action by W. A. Dennis and wife against E. E. White. From judgment for plaintiffs, defendant appeals. Affirmed.

Marshall & King, of Graham, and Ike A. Wynn and Charles L. Morgan, both of Fort Worth, for appellant.

Kay, Akin & Kenley, of Wichita Falls, and Arnold & Arnold, of Graham, for appellees.

DUNKLIN, J. This is the second appeal of this cause; disposition by this court of the former appeal being shown in 220 S. W. 161. That opinion contains a full statement of the issues involved, and a repetition of the same in this opinion will be unnecessary. After the reversal of the judgment rendered on the first trial, the case was tried again upon the single issue whether or not E. E. White, the owner of the lease in controversy, did, on February 11, 1919, tender the required rental of $60, which was, by the terms of the lease, made necessary to continue the same in force. As shown in the former opinion, the Beckham National Bank was made the agent of the lessor to receive the rental. Upon the last trial the jury made answers to special issues submitted to them, which issues and answers are as follows:

"No. 1. Did the defendant, E. E. White, or his wife, Mrs. E. E. White, for him, tender to Beckham National Bank the lease rental of $60 on February 11, 1919? Answer: No.

"No. 2. Was Mrs. White, acting for the defendant, E. E. White, ready, willing, and able to pay the rentals to the Beckham National Bank for plaintiff on February 11, 1919, within banking hours? Answer: No. '

"No. 3. Did Mrs. White, acting for the defendant, E. E. White, offer to pay said rentals to the Beckham National Bank on February 11, 1919, within banking hours? Answer: No.

"No. 4. Was the failure of Mrs. White to make such payment of February 11, 1919, due to the statement made to the cashier by plaintiff Dennis on the same day to the effect that he considered the lease already forfeited for nonpayment of such rental and instructed the bank not to accept any rental? Answer: No. '

"No. 5. If the defendant, E. E. White, or his wife, had tendered the rental to the Beckham National Bank on February 11, 1919, would the bank have accepted the same? Answer: Yes.

"No. 6. If W. A. Dennis stated to any official of the bank that said lease was forfeited and he would not receive any payment of rental thereon, was such statement communicated to Mrs. White or E. E. White on February 11, 1919? Answer: No.

"No. 7. Did the plaintiff W. A. Dennis, on the 11th day of February, 1919, instruct any official of the Beckham National Bank not to accept the rental of $60 in question if the same was tendered to said bank? Answer: No."

Upon those findings by the jury the trial court rendered a judgment in favor of the plaintiffs, W. A. Dennis and wife, for the recovery of the land covered by the lease and for a cancellation of that lease. From that judgment the defendant, White, has appealed.

Appellant insists that the proof showed without controversy that on February 11, 1919, Mrs. Lula White, wife of E. E. White, offered to pay the rental due on that date, but that she was told by Mr. Deats, cashier of the bank, that she could not do so, by reason of the fact that plaintiff Dennis, the owner of the land, had already informed him (Deats)

───

that the lease had been forfeited; that on the same date, and prior to said conversation between Mrs. White and Mr. Deats, plaintiff Dennis instructed Deats that the lease was forfeited, and that he should not receive the rental in the event it was tendered, and that such action on the part of Dennis constituted repudiation of the contract by him, and made the tender of the rental thereafter unnecessary to a continuation of the lease.

We deem it unnecessary to review the testimony in detail offered upon the issue of tender. We have examined it and carefully considered it and have been unable to concur with appellant in the contention just stated. Mrs. White, Mr. Deats, and W. A. Dennis all testified upon the trial; and while certain portions of the testimony tended to support the contention made by appellant, other portions of such testimony were sufficient to support the verdict of the jury, and as it was the province of the jury to pass upon the credibility of the witnesses and the weight of the evidence, we have reached the conclusion that the assignment of error now under discussion must be overruled.

Another contention made by appellant is to the effect that under the terms of the lease the rental in controversy for the year beginning February 1, 1919, and ending February 1, 1920, did not become due until the end of that year, since no specific due date for such rental was fixed by the terms of the lease. In support of his contention, appellant has cited, among others, the following authorities: Rhodes v. Mound City Gas Co., 80 Kan. 762, 104 Pac. 851; Woodland Oil Co. v. Crawford, 55 Ohio St. 161, 44 N. E. 1093, 34 L. R. A. 62; Gillespie v. Fulton Oil & Gas Co., 236 Ill. 188, 86 N. E. 219; Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Thornton's Law of Oil and Gas, p. 403.

This proposition is stated in appellant's brief:

"The lease involved in this suit imposed an absolute unconditional liability upon appellant to either drill a well or pay rentals. He did not drill a well, and therefore he was bound to pay rentals."

In connection with that proposition, appellant quotes the following from Thornton on Law of Oil and Gas, p. 402, which he says is in accord with all the authorities upon that question, including those noted above and many others cited in his brief:

"But where the lessee must pay the rent—where a legal obligation rests upon him to pay which can be enforced and the amount collected—then payment in advance cannot be compelled, in the absence of a clause in the lease to that effect."

The lease in controversy contains, among other things, the following provisions:

"It is agreed that this lease shall remain in force for the term of five years from this date, and as long thereafter as oil or gas or either of them is produced therefrom by the party of the second part.

"In consideration of the premises said party of the second part convenants and agrees: * * * The party of the second part agrees to commence operations for drilling a well on said premises within one year from the date hereof, or pay rental at the rate of 50 cents per acre per year, while such commencement of operating for drilling a well is delayed. * * *

"It is further agreed that if suit be instituted affecting said premises or adverse to the interest of the second party hereunder, that thereupon the time for either the commencement or completion of a well, or for the payment of rental hereunder, shall be extended from date of filing of such suit until final termination thereof, and that rentals accruing during said litigation shall not be chargeable against said second party. Failure of second party to pay rental within ten days after same becomes due (subject to exceptions herein stated) shall render this lease void; provided, second party shall pay all rentals, if any, then accrued. Second party shall pay all damages caused by it to growing crops on said land."

We adhere to the conclusion expressed in our opinion on the former appeal that according to the terms of the lease the rentals for each year were payable in advance, and the due date was February 1st of each year, but the lessee was allowed ten days of grace additional in which to make the payment. Whitherspoon v. Staley, 156 S. W. 557. That was the construction placed upon the instrument by the parties, as shown by the uncontroverted proof; and that fact, of itself, is entitled to weight. 6 R. C. L. p. 852, § 241.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.